UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSEPH GRIFFIN-COOKE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00392-WTL-DLP |
| | ) | |
| J. E. KRUEGER, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Petition for a Writ of Habeas Corpus**

Petitioner Joseph Griffin-Cooke brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Rule 4 of the *Rules Governing Section 2254 Cases*, which applies to this § 2241 case under Rule 1(b), provides: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." That is the case here. In other words, because § 2241 plainly does not provide Mr. Griffin-Cooke an avenue for the relief he seeks, his petition must be **denied**.

**I. Standards Governing § 2241 Proceedings**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). However, § 2255(e) provides that if § 2255 is "inadequate or ineffective to test the legality of his detention," Mr. Griffin-Cooke may file an application for a writ of habeas corpus under 28 U.S.C. § 2241. Section 2255(e) is known as the "savings clause."

Whether § 2255 is inadequate or ineffective depends on "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc)(quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). To properly invoke the "savings clause" of 28 U.S.C. § 2255(e), a petitioner is required to show "something more than a lack of success with a section 2255 motion," *i.e.,* "some kind of structural problem with section 2255." *Id.* A section 2255 motion is inadequate or ineffective if the following three requirements are met: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017).

## II. Discussion

Mr. Griffin-Cooke was convicted in the United States District Court for the Northern District of Iowa of being a felon in possession of a firearm and ammunition. *United States v. Griffin-Cooke*, 1:13-cr-90-LRR (N.D. Iowa May 9, 2014). Mr. Griffin-Cooke appealed his sentence arguing that the district court erred by granting an upward departure based on his criminal history and the Eighth Circuit affirmed. *United States v. Griffin-Cooke*, 593 Fed.Appx. 592 (8th Cir. 2015). He then filed a motion for relief pursuant to 28 U.S.C. § 2255 arguing that he received ineffective assistance of counsel in the trial court and that motion was denied. *Griffin-Cooke v. United States*, 1:16-cv-31-LRR (N.D. Iowa September 26, 2017).

Now, Mr. Griffin-Cooke seeks relief pursuant to § 2241, arguing that the officers who arrested him did not have probable cause to do so, that his guilty plea was involuntary, and that

his sentence was improperly enhanced. He contends that § 2255 is inadequate or ineffective to challenge his conviction and sentence because the district court lacked jurisdiction over him as the officers who arrested him did not have probable cause. These contentions are insufficient to show that he is entitled to seek relief under § 2241 because the three factors required by the savings clause are not met. Specifically, Mr. Griffin-Cooke has not identified a new case of statutory interpretation applicable to his claims that was not previously available. In addition, Mr. Griffin-Cooke filed a timely 28 U.S.C. § 2255 in the trial court asserting much the same claims that he asserts here. Moreover, to the extent that he challenges the trial court's jurisdiction over him, such a challenge falls specifically within the confines of § 2255, which provides for relief if "the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). In short, because Mr. Griffin-Cooke has failed to satisfy the savings clause of § 2255(e), he cannot obtain relief through his § 2241 petition.

### III. Conclusion

Based on the foregoing, Mr. Griffin-Cooke has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied.** Judgment dismissing this action with prejudice shall now issue.

**IT IS SO ORDERED.**

Date: 12/3/18

_William T. Lawrence_
Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

JOSEPH GRIFFIN-COOKE
13386-029
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808